THE STATE OF KANSAS v. W. R. ALLEN.

No. 12,629.   (66 Pac. 628.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Time and Place.* In prosecutions for illegal sales of intoxicating liquors, it is not necessary specially to plead the time or place of such sales. (Gen. Stat. 1901, § 2470.) It is sufficient if the indictment or information charges that such illegal sales were made within the jurisdiction of the court and within two years prior to the commencement of the action.

2. GRAND JURY—*Oaths of Foreman and Jurors.* Sections 5517 and 5518, General Statutes of 1901, prescribe the oath which shall be administered to the foreman of a grand jury as well as that which shall be administered to other members, and an oath administered in substantial conformity therewith is sufficient.

Appeal from Kingman district court; P. B. GILLETT, judge. Opinion filed November 9, 1901. Division one. Affirmed.

*A. A. Godard,* attorney-general, and *W. M. Wallace,* county attorney, for The State.

*J. E. Lydecker,* and *C. W. Fairchild,* for appellant.

The opinion of the court was delivered by

GREENE, J.: The appellant was indicted and convicted in the district court of Kingman county on two counts for selling intoxicating liquors. He appeals

The State v. Allen.

to this court, alleging numerous errors.   His first contention is that the court erred in overruling his motion to quash the first count in the indictment.   It is claimed that the indictment is indefinite and uncertain, first, as to the element of the crime ; second, as to the place of the crime.   The charging part of the first count reads :

"That on the 1st day of December, 1900, one W. R. Allen, in the county of Kingman, in the state of Kansas, did then and there unlawfully and feloniously sell and barter spirituous, malt, vinous, fermented and other intoxicating liquors, without having procured from the probate judge a permit to sell intoxicating liquors," etc.

As we understand the first contention of counsel, it is that the allegations in this count do not negative the provisions of the statute which grant to certain persons holding permits the privilege of selling intoxicating liquors for certain purposes.   The allegations in the count complained of are "without having procured of the probate judge of said county any permit to sell intoxicating liquors," etc.   The offense intended to be charged was the selling of intoxicating liquors in Kingman county, without having a permit to do so.   In this respect we think this count is amply sufficient.   The probate judge is the only person who could issue a license, and it is sufficiently alleged that the appellant had not procured one from that officer.

It is also maintained that the indictment is uncertain as to the place of the commission of the offense. The charge was not for maintaining a nuisance, but for separate sales of intoxicating liquors in violation of law ; therefore, the exact location in Kingman county where the sales took place is not material. (Gen. Stat. 1901, § 2470.)

The second contention is that the court erred in

overruling appellant's plea in abatement. The principal ground of this plea is that the grand jury which found the indictment was not legally selected, because the judge did not administer to the foreman the oath required by law, and, in fact, did not administer any oath ; and that he did not administer an oath to the other members of the grand jury as required by law. The oath administered to the foreman of the grand jury is as follows :

"You, as foreman of the grand jury, shall diligently inquire and true presentment make of all public offenses against the laws of this state cognizable by this court, committed or triable in this county, of which you have or can obtain legal evidence. You shall present no person through malice, hatred, or ill will, nor leave no person through fear, favor, or affection, or for any reward, or the promise or hope thereof, but in all your presentments you shall present the truth, the whole truth, and nothing but the truth, according to your skill and understanding."

This oath was administered in open court, in the presence of the other members of the grand jury. The court then required the other jurors to rise, and in open court and in the presence of the foreman, administered to them, the following oath :

"The same oath which your foreman has taken now before you on his part, you and each of you shall well and truly observe on your part."

It is claimed that this oath is not sufficient, because it did not commence with the words, "You do solemnly swear," and did not end with the words, "So help you God." The statute specially prescribes the oath that shall be administered to the foreman of the grand jury, as well as that which shall be administered to his fellow jurors, and whatever the oath may be, or

whatever it contains, it is sufficient.  In administering the oath to the foreman, as well as to the other members of the jury the court followed the statute literally.  (Gen. Stat. 1901, §§ 5517, 1518.)  It must, therefore, be held that the oath so administered was sufficient.

It is also contended that the court erred in permitting the prosecution to introduce any evidence under the indictment and opening statement of the county attorney, because the two together did not affirmatively show that the court had jurisdiction of the offense of which the appellant was charged.  The indictment states that the offense was committed in Kingman county, and there is nothing in' the statement of counsel that denies it.  There is no merit whatever in this contention.

Another contention is that the court erred in refusing to require the prosecution to elect upon what sales it would rely for conviction on each count.  Upon such demand the prosecution made the following election, and the county attorney stated :

"I designate the sale under the first count to Wm. Hamilton of a bottle of beer, for which he paid twenty-five cents, in the wash-room of the hotel known as 'The Randolph' ; and on the second count on the one glass of whisky that was purchased of defendant by R. H. Wallace, and sold to R. H. Wallace by defendant ; and on the third count on the several glasses of whisky that were sold by the defendant to R. H. Wallace, and for which he paid the defendant."

The objection to this is that the county attorney did not state the dates of these sales.  The indictment shows that they were all made within two years prior to the filing of the indictment, which is sufficient.

There are numerous other alleged errors, which we have examined, and find nothing material or prejudicial to the appellant.

The judgment of the court below is affirmed.

JOHNSTON, SMITH, ELLIS, JJ., concurring.